

# United States Department of Justice

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*          *Mailing Address*
*300 Virginia Street, East*                        *Post Office Box 1713*
*Suite 4000*                                       *Charleston, WV 25326*
*Charleston, WV 25301*                             *304-345-2200*
*1-800-659-8726*                                   *FAX: 304-347-5104*



**FILED**

**OCT 11 2016**

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

October 7, 2016

David R. Bungard
Assistant Federal Public Defender
Federal Public Defender's Office
300 Virginia Street, East
Room 3400
Charleston, West Virginia 25301

> Re: United States v. Ian Michael Cramer
> Criminal No. 2:16-cr-00008 (USDC SDWV)

Dear Mr. Bungard:

This will confirm our conversations with regard to your client, Ian Michael Cramer (hereinafter "Mr. Cramer"). As a result of these conversations, it is agreed by and between the United States and Mr. Cramer as follows:

1. **PENDING CHARGES.** Mr. Cramer is charged in a three-count indictment as follows:

    (a) Count One charges Mr. Cramer with a violation of 18 U.S.C. § 1470 (transfer of obscene material to minor);

    (b) Count Two charges Mr. Cramer with a violation of 18 U.S.C. § 2422(b) (coercion and enticement of a minor);

    (c) Count Three charges Mr. Cramer with a violation of 18 U.S.C. § 2423(a) (transportation of a minor with intent to engage in criminal sexual activity).

2. **RESOLUTION OF CHARGES.** Mr. Cramer will plead guilty to Count Three of said indictment, which charges him with a violation of 18 U.S.C. § 2423(a). Following final disposition, the United

$\mathcal{IMC}$
_____
Defendant's
Initials

States will move the Court to dismiss Counts One and Two in Criminal No. 2:16-cr-00008 as to Mr. Cramer.

3.   **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which Mr. Cramer will be exposed by virtue of this guilty plea is as follows:

(a)   Imprisonment for a period of 10 years to life;

(b)   A fine of $250,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c)   A term of supervised release of 5 years to life;

(d)   A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013; and an additional mandatory special assessment of $5,000 pursuant to 18 U.S.C. § 3014 for a non-indigent defendant for an offense under Chapter 117 of Title 18; and

(e)   An order of restitution pursuant to 18 U.S.C. §§ 2259, 3663A, and 3664, or as otherwise set forth in this plea agreement.

4.   **SPECIAL ASSESSMENT.** Mr. Cramer has submitted certified financial statements to the United States reflecting that he is without sufficient funds to pay the special assessment due upon conviction in this case.  Mr. Cramer agrees that, if incarcerated, he will join the Inmate Financial Responsibility Program, earnings from which will be applied toward payment of the special assessment.

5.   **RESTITUTION.**   Notwithstanding the offense of conviction, Mr. Cramer agrees that he owes restitution to the victim in this case and the other victim referenced in the Stipulation of Facts for the full amount of the victims' losses, if any.  Mr. Cramer agrees to pay such restitution, with interest

*IMC*
_____
Defendant's
Initials

as allowed by law, to the fullest extent financially feasible.   In aid of restitution, Mr. Cramer further agrees as follows:

(a)  Mr. Cramer agrees to fully assist the United States in identifying and locating any assets to be applied toward restitution and to give signed, sworn statements and testimony concerning assets upon request of the United States.

(b)  Mr. Cramer will fully complete and execute, under oath, a Financial Statement and a Release of Financial Information on forms supplied by the United States and will return these completed forms to counsel for the United States within seven calendar days from the date of the signing of this plea agreement.

(c)  Mr. Cramer agrees not to dispose of, transfer or otherwise encumber any real or personal property which he currently owns or in which he holds an interest.

(d)  Mr. Cramer agrees to fully cooperate with the United States in the liquidation of assets to be applied towards restitution, to execute any and all documents necessary to transfer title of any assets available to satisfy restitution, to release any and all right, title and interest he may have in and to such property, and waives his right to exemptions under the Federal Debt Collection Procedures Act upon levy against and the sale of any such property.

(e)  Mr. Cramer agrees not to appeal any order of the District Court imposing restitution unless the amount of restitution imposed exceeds $10,000 per victim. However, nothing in this provision is intended to preclude the Court from ordering Mr. Cramer to pay a greater or lesser sum of restitution in accordance with law.

*IMC*
Defendant's
Initials

6.    **ABANDONMENT OF PROPERTY.** Mr. Cramer hereby agrees to release, relinquish, waive or abandon to the United States or to the State of West Virginia any and all right, title and interest he may have in certain items seized from him, that is, one (1) Samsung Galaxy S4 serial number: 256691489706890083, IMEI: 99000351692263, and one (1) iPhone 6, serial number F4GQFKTPGRY9. The property hereby abandoned by the defendant under this paragraph will be destroyed or otherwise disposed of by federal, state or local law enforcement officers according to law.

7.    **PAYMENT OF MONETARY PENALTIES.** Mr. Cramer agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Cramer further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

8.    **COOPERATION.** Mr. Cramer will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Cramer may have counsel present except when appearing before a grand jury.

9.    **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Cramer, and except as expressly provided for in paragraph 11 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range

_IMC_
_____
Defendant's
Initials

under the Federal Sentencing Guidelines.

10. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Cramer for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Cramer for perjury or false statement if such a situation should occur pursuant to this agreement.

11. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Cramer stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Cramer agrees that if he withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by him, and he is subsequently tried for his conduct alleged in the indictment and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Mr. Cramer or of any of his witnesses, or in rebuttal of any testimony introduced by him or on his behalf. Mr. Cramer knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Mr. Cramer understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the

ImC
Defendant's
Initials

Court, the parties will not have the right to withdraw from the plea agreement.

12. **AGREEMENT ON SENTENCING GUIDELINES**. Based on the foregoing Stipulation of Facts, the United States and Mr. Cramer agree that the following provisions of the United States Sentencing Guidelines apply to this case.

Count Three of the Indictment:

USSG §2G1.3

Appropriate sentencing guideline for a violation of 18 U.S.C. § 2423(a)

USSG §2G1.3(c)(1)

Relevant Cross Reference - If the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct apply USSG §2G2.1.

USSG §2G2.1

| | | |
|---|---|---|
| Base offense level | 32 | USSG §2G2.1(a) |
| Offense involved a minor between the age of 12 and 16 years | +2 | USSG §2G2.1(b)(1)(B) |
| Commission of a sexual act or sexual conduct | +2 | USSG §2G2.1(b)(2)(A) |
| Offense involved misrepresentation of participant's identity and interactive computer service to persuade a minor to engage in sexually explicit conduct | +2 | USSG §2G2.1(b)(6)(A) and (B)(i) |

*ImC*
_____
Defendant's
Initials

USSG §4B1.5

In any case in which the defendant's instant offense of conviction
is a covered sex crime, neither §4B1.1 nor subsection (a) of the
guideline applies, and the defendant engaged in a pattern of
activity involving prohibited sexual conduct.

| | | |
|---|---|---|
| Offense level shall be 5 plus the offense levels determined under Chapters Two and Three | +5 | USSG §4B1.5(b)(1) |
| Adjusted Offense Level | 43 | |

     The United States and Mr. Cramer acknowledge and understand
that the Court and the Probation Office are not bound by the
parties' calculation of the United States Sentencing Guidelines
set forth above and that the parties shall not have the right to
withdraw from the plea agreement due to a disagreement with the
Court's calculation of the appropriate guideline range.

     13. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Cramer
knowingly and voluntarily waives the right to seek appellate review
of his conviction and of any sentence of imprisonment, fine or
term of supervised release imposed by the District Court, or the
manner in which the sentence was determined, on any ground
whatsoever including any ground set forth in 18 U.S.C. § 3742, so
long as that sentence of imprisonment, fine or term of supervised
release is below or within the Sentencing Guideline range
corresponding to offense level 43.   The United States also waives
its right to seek appellate review of any sentence of imprisonment
or fine imposed by the District Court, or the manner in which the
sentence was determined, on any ground whatsoever including any
ground set forth in 18 U.S.C. § 3742, so long as that sentence of
imprisonment or fine is within or above the Sentencing Guideline
range corresponding to offense level 40.

*Imc*
Defendant's
Initials

Mr. Cramer also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

14. **WAIVER OF FOIA AND PRIVACY RIGHT**. Mr. Cramer knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

15. **SEX OFFENDER REGISTRATION REQUIREMENT**. Mr. Cramer understands and acknowledges that under the Federal Sex Offender Registration and Notification Act, he must register as a sex offender and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee and where he is a student. Mr. Cramer understands that the federal registration requirement and any state registration requirement may apply throughout his life. Mr. Cramer further understands that the requirement to keep the registration current includes informing at least one of the aforementioned jurisdictions not later than three days after any change of name, residence, employment or student status. Mr. Cramer understands that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

16. **FINAL DISPOSITION**. The matter of sentencing is within the sole discretion of the Court. The United States has made no representations or promises as to a specific sentence. The United

*Imc*
Defendant's
Initials

States reserves the right to:

    (a)   Inform the Probation Office and the Court of all relevant facts and conduct;

    (b)   Present evidence and argument relevant to the factors enumerated in 18 U.S.C. § 3553(a);

    (c)   Respond to questions raised by the Court;

    (d)   Correct inaccuracies or inadequacies in the presentence report;

    (e)   Respond to statements made to the Court by or on behalf of Mr. Cramer;

    (f)   Advise the Court concerning the nature and extent of Mr. Cramer's cooperation; and

    (g)   Address the Court regarding the issue of Mr. Cramer's acceptance of responsibility.

    17.  **VOIDING OF AGREEMENT.**  If either the United States or Mr. Cramer violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    18.  **ENTIRETY OF AGREEMENT.**  This written agreement constitutes the entire agreement between the United States Attorney's Office in the Southern District of West Virginia and Mr. Cramer in this matter.  The United States Attorney's Office in the Southern District of West Virginia is aware that Mr. Cramer has reached understandings with other jurisdictions as to future charges against him; however, none of those jurisdictions are a party to this plea agreement.

*Imc*
Defendant's
Initials

Acknowledged and agreed to on behalf of the United States:

CAROL A. CASTO
United States Attorney

By    LISA G. JOHNSTON
Assistant United States Attorney

LGJ/smw

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this ten-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me by the United States Attorney's Office in the Southern District of West Virginia other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

10/11/16
Ian Michael Cramer                       Date Signed
Defendant

10/11/16
David R. Bungard                          Date Signed
Counsel for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                        CRIMINAL NO. 2:16-cr-00008

IAN MICHAEL CRAMER

STIPULATION OF FACTS

The United States and Ian Michael Cramer (hereinafter "Mr. Cramer") stipulate and agree that the facts comprising the offense of conviction (Count Three in the Indictment in the Southern District of West Virginia, Criminal No. 2:16-cr-00008 and the relevant conduct for that offense), include the following:

The LINK application is a social network which is available for both Android and iOS based operating systems, accessible via web interface. The LINK application allows users to create a profile, which is not vetted or verified. Users can use the application over Wi-Fi or using cellular data. The LINK application allows texts messages and pictures to be transmitted from one user to another. Users can search the LINK application for individuals in specific geographic areas, interests, or groups, or by name. Users can also display a profile picture and other photographs on their "user account screen" which contains additional information such as age, gender, sexual orientation, location and interests.

On or about July 29, 2015, Mr. Cramer used his cell phone, that is, a Samsung Galaxy S4, serial number: 256691489706890083, International Mobile Equipment Identity (hereinafter "IMEI") number 99000351692263 to register and create a LINK profile. Mr. Cramer chose the user name "Josh" and listed his birthdate as 1/1/1999. Josh is the user name that appeared when Mr. Cramer communicated with other users via LINK. Mr. Cramer listed his email address as killerkid1@hotmail.com. The IMEI number 99000351692263 assigned to this LINK account corresponds exactly with the IMEI number assigned to Mr. Cramer's cell phone. Mr. Cramer did not use a photo of himself as his profile photo. Instead, he used the photo of a teenage male.

From on or about September 6, 2015, through on or about September 19, 2015, Mr. Cramer used LINK via his cell phone to communicate with a 15-year-old female (hereinafter "minor"). All crimes referenced herein with regard to the "minor" occurred at or near Cross Lanes, Kanawha County, West Virginia, and within the Southern District of West Virginia, and elsewhere. Communicating via cell phone or the Internet constitutes using a means and facility of interstate commerce. Mr. Cramer, who was actually 26 years old at the time, was aware that the minor's profile on LINK indicated that she was 15 years old.

On or about September 13, 2015, Mr. Cramer used his cell phone to transfer to the minor, via LINK, obscene matter, that is, an image of his erect penis. (Count One of the Indictment).

From on or about September 15, 2015, through on or about September 19, 2015, Mr. Cramer used his cell phone to communicate with the minor via LINK to knowingly persuade, induce, entice, and coerce the minor to engage in sexual activity for which he could have been charged with a criminal offense in the State of West Virginia, that is "sexual assault in the third degree" in violation of W. Va. Code §61-8D-5. (Count Two of the Indictment).

From on September 16, 2015, through September 18, 2015, Mr. Cramer and the victim communicated about meeting for the purpose of engaging in criminal sexual activity. On September 16, 2015, Mr. Cramer communicated to the minor, "I can't wait to see your tight little pussy, and I am going to fuck you raw." On September 17, 2015, Mr. Cramer communicated to the minor, "One more day!!!" On September 18, 2015, Mr. Cramer communicated to the minor, "Amber's hot spot right". A review of Mr. Cramer's cell phone revealed that he searched for the following terms on his cell phone on September 18, 2015: "Amber's hot spot", "West Virginia Parkways Authority", "Toll Rates", "Toll Information", and "i64 West Virginia Tolls." During the evening hours of September 18, 2015, Mr. Cramer left his residence in Richmond, Virginia, and traveled to Amber's Hot Spot in Cross Lanes, Kanawha County, West Virginia, arriving on September 19, 2015, at approximately 1:53 a.m. The minor was waiting for Mr. Cramer at that location. She got into Mr. Cramer's truck and he knowingly transported the minor in interstate commerce, that is, from West Virginia to Virginia, with the intent that the minor engage in criminal sexual activity with him. Mr. Cramer and the minor engaged in sexual intercourse on September 19, 2015, in Richmond, Virginia. (Count Three of the Indictment) (USSG §§2G2.1(b)(1)(B), 2G2.1(b)(2)(A) and 2G2.1(b)(6)(A) and (B)(i)).

In the early morning hours of September 19, 2015, the minor was reported missing from her residence located in Cross Lanes, Kanawha County, West Virginia. Based upon mobile phone records of the minor, law enforcement officers were able to determine the probable location of the minor. The following day, law enforcement officers found the minor in Mr. Cramer's bed in his apartment located in Richmond, Virginia.

On or about September 7, 2015, Mr. Cramer also knowingly persuaded and induced the minor to produce a visual depiction of her genital and pubic area. The minor used her cell phone to produce the sexually explicit image. The minor sent the sexually explicit image via her cell phone to defendant's cell phone.

On or about August 19, 2015, Mr. Cramer used his cell phone to communicate via LINK with another 11-year-old minor (hereinafter "the other minor") located in Syracuse, New York. The other minor's profile page indicated that she was 13-years-old. Mr. Cramer used the LINK profile which displayed the name "Josh", and a profile photo of a teenage male when communicating with the other minor. Mr. Cramer transferred obscene material to the other minor, that is, an image of his erect penis. Mr. Cramer also used his cell phone to attempt to persuade the other minor to engage in sexual activity for which he could be charged with a criminal offense in the State of New York, that is "Rape in the First Degree" in violation of Article 30 NY Penal Law §130.35. On or about August 20, 24, and 25, 2015, Mr. Cramer also knowingly persuaded and induced the other minor to produce sexually explicit images of her genital and pubic area. The other minor sent the sexually explicit images via her cell phone to defendant's cell phone. The images depict the lascivious exhibition of the minor's genital and pubic area. At some point, Mr. Cramer advised the other minor that he was actually 26 years old and sent a picture of himself to the other minor.

This Stipulation of Facts does not contain each and every fact known to Mr. Cramer and to the United States concerning his involvement and the involvement of others in the charges set forth in the Indictment.

Stipulated and agreed to:


_____        _____
Ian Michael Cramer                      Date
Defendant


_____        _____
David R. Bungard                        Date
Counsel for Defendant


_____        _____
Lisa G. Johnston                        Date
Assistant United States Attorney


**PLEA AGREEMENT EXHIBIT A**

4